# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                  Case No. 20-30619-WRS
                                                       Chapter 13
JOSEPH CONNELL,

    Debtor.

## MEMORANDUM DECISION

This Chapter 13 bankruptcy case is before the Court on four motions filed by Creditor, Paula Hayes: (1) Motion to Alter or Amend Confirmation Order (Doc. 24); (2) Motion for Relief from Automatic Stay (Doc. 25); (3) Motion to Extend Time for Filing Response to Objection to Claim or to Determine the Response is Timely Filed (Doc. 30); (4) Motion for Relief from Order Sustaining Objection to Claim (Doc. 34). The Court heard the motions on July 9, 2020. Both the Debtor and Paula Hayes, the movant, have filed briefs. (Docs. 38, 39). For the reasons set forth below, Hayes' Motion to Alter or Amend the Confirmation Order is DENIED; the Motion for Relief from Automatic Stay is DENIED; the Motion to Determine Hayes' Response to the Debtor's Objection to Claim is Timely Filed is GRANTED; and the Motion for Relief from Order Sustaining Objection to Claim is GRANTED and the Order Sustaining Debtor's Objection is VACATED. However, upon consideration of Hayes' Response to the Debtor's Objection to Claim, the Court finds the claim is DISALLOWED as a late-filed claim, and the Debtor's Objection to Claim is SUSTAINED.

## I. Facts

Joseph Connell filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on February 28, 2020. (Doc. 1). Shortly thereafter, the Court sent all creditors, including Paula Hayes, a Notice providing, *inter alia*, that creditors were to file their Proof of Claim not later

than May 8, 2020, and that a hearing on confirmation of the Debtor's Chapter 13 Plan would be held on May 21, 2020. Objections to confirmation were to be filed seven days prior to the hearing on confirmation. (Doc. 6). The Court conducted the confirmation hearing as scheduled on May 21, 2020. No objections to confirmation were made by any party, and the Court entered an order confirming the plan on May 29, 2020. (Doc. 21).

Paula Hayes, the Debtor's former spouse, filed a proof of claim on May 20, 2020 – 12 days after the claims bar date. (Claim 5-1). On May 22, 2020, the Debtor filed an objection to Hayes' claim, contending that it should be disallowed because it was filed after the claims bar date. (Doc. 18). The Debtor's objection was made pursuant to the Court's negative notice procedures under Local Bankruptcy Rule 3002-1. Under the Court's negative notice procedures, a response to an objection to a proof of claim must be filed within 30 days of service of the objection. On June 23, 2020, 32 days after the Debtor served his objection to Hayes' claim, the Court entered an order by default sustaining the Debtor's objection and disallowing the claim. (Doc. 28).

On June 11, 2020, Hayes filed a Motion to Alter and Amend the Court's Order confirming the Debtor's plan and a Motion for Relief from the Automatic Stay. (Docs. 24 & 25). On June 24, 2020, Hayes filed a Response to the Debtor's Objection to Claim and a Motion to Extend Time for Filing Response to Objection to Claim or to Determine the Response is Timely Filed. (Docs. 29 & 30). On July 8, 2020, Hayes filed a Motion to Alter and Amend this Court's Order of June 23, 2020, sustaining the Debtor's objection to Hayes' claim. (Doc. 34). The Court heard the arguments of counsel for the parties on July 9, 2020, and the Court took the matters under advisement. The Court did not solicit consent to an extension of the automatic stay and Hayes did not object to an implied extension. Both parties have filed briefs. (Docs. 38 & 39).

## II. Law

### A. Jurisdiction

This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. § 1334(b) and the District Court's General Order of Reference date April 25, 1985. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(B) & (L). This is a final order.

### B. This Court's Order of June 23, 2020–sustaining the Debtor's objection to Hayes' claim–should be vacated.

On May 22, 2020, the Debtor filed an Objection to Claim No. 5-1, which was filed by Paula Hayes. (Doc. 18). The only basis for the objection was that the proof of claim was filed after the claims bar date. The Certificate of Service attached to the Debtor's objection states that copies of the objection were sent by U.S. Mail to Paula Hayes and Brian Bugge – the lawyer who filed the proof of claim for Hayes. Pursuant to its Local Rules, this Court uses negative notice procedures for objections to claims. Local Rule 3007-1. Under this Rule, a response to an objection to a proof of claim must be filed within 30 days. The 30th day after May 22, 2020, was June 21, 2020. On June 23, 2020, the Court entered an order, by default, sustaining the Debtor's objection to claim. (Doc. 28).

Hayes argues that she should have been allowed an extra three days because the Debtor's objection to her claim had been served by mail, citing Federal Rule of Bankruptcy Procedure 9006(f). That rule states, in part, that: "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period after being served and that service is by mail . . . three days are added after the prescribed period would otherwise expire under Rule 9006(a)." The Debtor's objection to Hayes' claim was served on her by mail on May 22, 2020. (Doc. 18).

Because the Debtor's objection was served by mail, the three extra days provided by Rule 9006(f) should have been allowed. The 30th day after May 22, 2020, was June 21, 2020. When three days are added, the response deadline is calculated as June 24, 2020.[1] As the Court entered its order defaulting Hayes on June 23, 2020, it erred. This Court's Order of June 23, 2020 is vacated. (Doc. 28). The Court will proceed to consider Hayes' response to the objection to her claim on the merits.

### C. Claim No. 5-1 of Paula Hayes should be disallowed because it was filed after the claims bar date and none of the exceptions provided in the rules apply.

Debtor Joseph Connell filed his petition in bankruptcy, pursuant to Chapter 13, on February 28, 2020. (Doc. 1). The claims bar date is 70 days after the date of the petition, which in this case was May 8, 2020. Fed. R. Bankr. P. 3002(c). Hayes does not make any argument here that she was not given notice of the claims bar date. The Court's Claims Register indicates that Hayes filed Claim 5-1 on May 20, 2020, which was 12 days after the claims bar date.

On May 22, 2020, the Debtor filed an objection to Hayes' claim. (Doc. 18). The sole basis of the objection was that it was filed after the bar date. A proof of claim filed with the Court is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "[I]f [an] objection to such claim is made, the court after notice and a hearing . . . shall allow such claim in such amount, except to the extent that– . . . (9) proof of such claim is not timely filed.." 11 U.S.C. § 502(b).

---

[1] June 21, 2020, was a Sunday. There is an argument that the three days should be added to June 22, 2020 a Monday, making the due date June 25, 2020. Fed. R. Bankr. P. 9006(a)(1)(C). Because Hayes filed her response on June 24, 2020, and because she does not make the argument for running the three days from Monday, the Court will not address it here.

-4-

Federal Rule of Bankruptcy Procedure 3002(c), which provides the claims bar date, contains 7 enumerated exceptions. Hayes does not argue that any of the seven exceptions apply and the Court has independently reviewed them and concludes that none of the exceptions apply. It is well-established that claims filed after the claims bar date are disallowed, unless one of the seven exceptions provided under Rule 3002(c) apply. This Court has held to that effect several times. *See In re Lewis*, 565 B.R. 439 (Bankr. M.D. Ala. 2017) (proof of claim received three days after bar date disallowed); *In re Edwards*, Case No. 09-81315, 2010 WL 3807161 (Bankr. M.D. Ala. Sept. 23, 2010) (late-filed claim disallowed); *In re Laprade*, Case No. 07-80001, 2007 WL 2301101 (Bankr. M.D. Ala. Aug. 9, 2007) (proof of claim received one day after claims bar date disallowed). Other courts in this circuit have held likewise. *See In re Jensen*, 333 B.R. 906 (Bankr. M.D. Fla. 2005) (late filed proof of claim by holder of a domestic support judgment disallowed, explaining that excusable neglect rule does not apply, noting however, that the debt would not discharge); *In re Zich*, 291 B.R. 883 (Bankr. M.D. Ga. 2003) (disallowing claim filed two years after bar date); *In re Stewart*, 247 B.R. 515 (Bankr. M.D. Fla. 2000); *In re Marsiat*, 184 B.R. 846 (Bankr. M.D. Fla. 1994) (claim of the Internal Revenue Service filed two days after the bar date disallowed); *In re Parr*, 165 B.R. 677, 680-83 (Bankr. N.D. Ala. 1993); *In re Jones*, 154 B.R. 816 (Bankr. M.D. Ga. 1993) (disallowing late filed proof of claim, noting that excusable neglect rule does not apply).

Hayes argues that confusion arising from the COVID crises affected her ability to timely obtain bankruptcy counsel and protect her rights. There are two problems with this argument. First, it is not correlated to any of the applicable Bankruptcy Rules. The only way, provided in the rules, to permit an extension of time after the time has run is under Rule 3002(c). Rule 9006(b)(1) provides for an extension of time upon a showing of excusable neglect; however, Rule 9006(b)(3)

excludes extension to Rule 3002(c). Second, is that the argument is too generalized. Hayes had 70 days from the date of the petition. Even if the COVID crisis hindered her efforts to obtain counsel, she fails to explain how any delay resulting from COVID could have exceeded the 70-day period allowed by the Rule.

### D. The Motion to Alter or Amend the Order Confirming the Debtor's Plan is denied as Hayes has failed to carry her burden.

On May 29, 2020, the Court confirmed the Debtor's Chapter 13 Plan. (Doc. 21). No objections had been filed by any party. On June 11, 2020, Hayes filed a Motion to Alter and Amend this May 29 Order of confirmation. (Doc. 24). She alleges that the plan does not provide for payment of her child support claim–ignoring the fact that she had not timely filed such a claim. She also alleges that the Debtor has undervalued assets and that the plan improperly deals with her claim. Motions to alter and amend are governed by the provisions of Federal Rule of Bankruptcy Procedure 9023. Relief under this rule is extraordinary and should be granted sparingly. The standard to grant a motion to alter and amend is:

1. An intervening change in the law;

2. Consideration of newly discovered evidence; or

3. To correct clear error or prevent manifest injustice.

*Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010); *In re Breland*, 614 B.R. 739, 741-42 (Bankr. S.D. Ala. 2020); *In re Muhammad*, 536 B.R. 469, 477 (Bankr. M.D. Ala. 2015). The first two elements plainly do not apply as there is no intervening change in the law or newly discovered evidence. When the Court confirmed the Debtor's plan, it confirmed a facially valid plan to which no objection had been made. Had Hayes timely objected to confirmation of

-6-

the plan, she almost certainly would have prevailed. To confirm a Chapter 13 Plan, priority claims must be paid in full, over the life of the plan. 11 U.S.C. § 1322(a)(2). Yet, she failed to make a timely objection or timely file a proof of claim. "Rule 9023 is not intended to give creditors who sit on their rights a second bite at the apple." *In re Castleberry*, 437 B.R. 705, 711 (Bankr. M.D. Ga. 2010) (denying motion to alter and amend filed by Ford Credit where court had confirmed a plan bifurcating a 910 claim, in violation of the hanging paragraph, where no timely proof of claim had been filed and no objection to confirmation made).

It is the practice of the Chapter 13 Trustee in this district to object to confirmation of Chapter 13 Plans when a secured or priority claim is timely filed and where no provision is made for payment in accordance with the Bankruptcy Code. This Court routinely denies confirmation of "no provision" plans where the Trustee objects and where the creditor has timely filed a facially valid proof of claim, even if the creditor does not make an objection. In such a situation, the Court puts the onus on the debtor to either amend the plan and provide for the claim or to file an objection to the claim. Had Hayes timely filed her priority claim, the Chapter 13 Trustee would, in all likelihood, have objected to confirmation. Because Hayes did not timely file a proof of claim the Trustee did not realize the discrepancy between the Debtor's plan and the claim tardily filed by Hayes. Neither the Court nor the Trustee can be faulted here. Neither had any reason to know of Hayes' claim, nor could it have known any of the facts alleged in various motions filed after confirmation.[2] Hayes should have timely filed her proof of claim and she should have timely objected to confirmation. That she failed to do so is the unfortunate consequence of deadlines,

---

[2] Hayes' proof of claim was filed on May 20, 2020, and the hearing on confirmation took place on May 21, 2020. To have caught this claim, the Trustee would have had to continuously monitor the claims register.

without which the system could not function. *See In re Henry*, 532 B.R. 844, 845 (Bankr. N.D. Okla. 2015) (stating that nobody likes deadlines but the bankruptcy system is built on them).

### E. Hayes must file an adversary proceeding if she wants a declaration that her child support indebtedness does not discharge.

Hayes argues throughout her filings that the indebtedness owed to her is for past due child support and that it does not discharge in bankruptcy. She is correct on that point. 11 U.S.C. § 1328(a)(2) & § 523(a)(5); *In re Hutchens*, 480 B.R. 374 (Bankr. M.D. Fla. 2012) (holding that any unpaid domestic support which is not paid under the Chapter 13 Plan is not discharged). If Hayes wants a judicial declaration on that point that will bind the Debtor, she should file an adversary proceeding. *See* Fed. R. Bankr. P. 7001(6).[3]

### F. Hayes' Motion for Relief from the Automatic Stay is denied.

Hayes filed a Motion for Relief from the Automatic Stay on June 11, 2020. (Doc. 25). To prevail on her motion, Hayes must show "cause." 11 U.S.C. § 362(d)(1). The gist of her motion is that she has a nondischargeable debt which is not being paid under the plan. She wants to proceed against the Debtor, outside of these bankruptcy proceedings to collect her debt, as if there was no bankruptcy. As noted above, had Hayes timely filed a proof of claim and had she timely

---

[3] A complaint seeking a determination of dischargeability of an indebtedness other than under 11 U.S.C. § 523(c) may be filed at any time. Because an indebtedness for child support is not a § 523(c) debt the Rule 4007(c) bar date does not apply.

objected to confirmation of the plan, she would probably be paid.[4] That Hayes did not timely file a proof of claim and that she did not timely object to the Debtor's plan does not provide cause to grant her motion. Were it otherwise, any creditor could elect not to file a proof of claim, elect not to object to the plan or otherwise participate in the case, and thereby opt out of the bankruptcy proceedings. As Hayes has failed to show cause, her Motion for Relief will be denied.

While these matters were under advisement, Hayes filed a "Notice of Termination of the Automatic Stay." (Doc. 40). Section 362(e)(1) provides, in part, that:

> Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section

Hayes' motion was filed on June 11, 2020. (Doc. 25). As the Court did not enter an order extending the automatic stay, it terminated by operation of § 362(e)(1) on July 13, 2020.[5] Hayes' motions, including the Motion for Relief from Automatic Stay, were heard on July 9, 2020. The Court heard the arguments of counsel. Hayes made no mention that the 30-day period of § 362(e) was about to run during the presentation of his argument. Moreover, counsel did not object when the Court took the matter under advisement and requested briefs, knowing that the 30-day period would run. When Hayes filed her brief, on August 8, 2020, she argued her motions, including her

---

[4] Hayes claims that she is now owed $79,680.80. (Claim 5-1). The Bankruptcy Code provides that the plan must pay priority claims, such as child support, in full over the life of the plan. 11 U.S.C. § 1322(a)(2). It is not clear whether if Hayes made a timely objection that the Debtor would have had sufficient income to fund a plan compliant with § 1322(a)(2).

[5] The thirtieth day after June 11, 2020, was July 11, 2020. As that day was a Saturday, the first business day was July 13, 2020. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

Motion for Relief from the Automatic Stay, on the merits, without mention of the then lapsed 30-day deadline. (Doc. 38). By continuing to litigate on the merits, Hayes waived strict compliance with the 30-day deadline of § 362(e)(1). In *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir. 1982), the Court held that a creditor who had filed a motion for relief from automatic stay waived the deadline when it proceeded to attend a hearing on the merits on December 5, 1980, notwithstanding the fact that the automatic stay had terminated on November 29, 1980, by operation of § 363(e). *Id*. at 1308.

### III. Conclusion

Hayes' response to the Debtor's objection to claim was timely filed and the order sustaining the Debtor's objection is vacated. Upon consideration of the Debtor's objection to claim and Hayes' response, the Court finds the Debtor's objection to Paula Hayes' late-filed proof of claim is sustained and the claim is disallowed. Hayes' motion to alter and amend the order confirming the Debtor's plan is denied as she failed to carry her burden. If Hayes wants a determination of nondischargeability of her debt, she may file an adversary proceeding. Hayes' motion for relief from the automatic stay is denied as she has failed to show cause. The Court will enter an order by way of a separate document.

Done this 2nd day of March, 2021.

William R. Sawyer
United States Bankruptcy Judge

c: Debtor
James A. Smith, Attorney for Debtor
Walter F. McArdle, Attorney for Creditor
Sabrina L. McKinney, Trustee
Paul Hayes